**[J-87-2016][M.O. – Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, | : | No. 10 EAP 2016 |
| | : | |
| | : | Appeal from the Order of the |
| Appellee | : | Commonwealth Court at No. 2445 CD |
| | : | 2009 filed 8/7/15 reversing and |
| | : | remanding the order, dated 11/10/09 in |
| v. | : | the Court of Common Pleas, |
| | : | Philadelphia County, Civil Division at |
| | : | No. 03055, July Term, 2009 |
| CITY OF PHILADELPHIA AND | : | |
| PHILADELPHIA COMMISSION ON | : | |
| HUMAN RELATIONS, | : | |
| | : | |
| Appellants | : | ARGUED:  September 13, 2016 |

### *CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  April 26, 2017**

I join the lead opinion, subject to the proviso that I agree with Justice Wecht's comments about the relevant analytical framework.  In this respect, I also note that sometimes, the mechanical formulation and heralding of a specific test – such as what the Court has dubbed the "*Ogontz* test" – has unintended consequences.

Here, I agree with Justice Wecht, that the "*Ogontz* test" reflects nothing more than a conventional application of principles of statutory construction.  As such, and since the discrete, tiered analysis appears to be generating disharmony, I would prefer to abandon the label at this juncture.  In its place, I would simply refer directly to the Statutory Construction Act.